1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DONALD M. BIRD,                          No. CIV S-08-1088-MCE-CMK

12                    Petitioner,

13        vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14    DEBRA BOWEN,

15                    Respondent.

16    _____/

17                    Petitioner, who is proceeding pro se and in forma pauperis, brings this petition for

18    a writ of mandamus.  The court is required to screen complaints brought by prisoners seeking

19    relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28

20    U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who

21    have been granted leave to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these

22    screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous

23    or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary

24    relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B)

25    and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court

26    must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

1

1  matter . . . ."  Because petitioner, who is not a prisoner, has been granted leave to proceed in

2  forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule

3  12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

4  In this case, petitioner plaintiff contends that Jim Nielsen, a candidate in a recent

5  primary election for state office held on June 3, 2008, does not meet the residency requirements

6  for office.  He seeks a writ of mandamus from this court commanding respondent, the California

7  Secretary of State, to fulfill her oath of office by enforcing the residency requirements.  The court

8  notes that this action was filed before the state primary election at issue.[1]

9  Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their

10  respective jurisdictions. . ."   In addition, the district court has original jurisdiction under 28

11  U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of

12  mandamus to "compel an officer or employee of the United States or any agency thereof to

13  perform a duty. . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with

14  very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of

15  mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for

16  Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have

17  jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to

18  enforce an established right by compelling the performance of a corresponding non-discretionary

19  ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

20  Here, the court concludes that it lacks subject matter jurisdiction because plaintiff

21  does not seek an order directed at any federal official and this court cannot issue mandamus relief

22  directed at a state official.

23  / / /

24

25

26  _____

   [1]  After Mr. Nielsen's victory in the primary election, petitioner filed a separate civil
   action seeking an order compelling the California Secretary of State to declare the election results
   null and void.  See CIV-S-08-1253-JAM-CMK.

1          Based on the foregoing, the undersigned recommends that this action be

2  dismissed.

3          These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Failure to file objections within the specified time may waive

8  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED: June 26, 2008

11

12                                 **CRAIG M. KELLISON**

                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26